# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:06cv449

| | |
|---|---|
| EDDIE BURNS DRAKEFORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's motion for summary judgment. The Plaintiff appears in this matter in a *pro se* status.

In accordance with the decision of the United States Fourth Circuit Court of Appeals in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff is cautioned that he carries a heavy burden in responding to a motion for summary judgment.

Rule 56(e) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in

> this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**Fed.R.Civ.P. 56(e).**

This language means that if the Plaintiff has any evidence to offer to show that there is a genuine issue for trial, he must now present it to the Court in a form which would otherwise be admissible at trial; that is, in the form of affidavits or unsworn declarations.  An affidavit is a written statement made under oath; in other words, a statement prepared in writing and sworn before a notary public.  An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

The Plaintiff has filed a document with the Court entitled "Response to Defendant's Motion to Dismiss or Summary Judgment."  It was filed prior to the Defendant's Motion for Summary Judgment.  It attaches over sixty pages of medical records and documents, which may or may not be part of the administrative record, but attaches no affidavits even for the purpose of authenticating the documents or otherwise identifying portions of the record.  It also fails to identify any issues which would form the basis of a judgment in favor of the Plaintiff or prevent entry of judgment for the Defendant.  This does not comply with Rule 56.

Affidavits or statements must be presented, if at all, by the Plaintiff to this Court within 15 days from the entry of this Order. As stated in Rule 56(e), the Plaintiff's failure to respond may result in the action being dismissed by way of summary judgment.

**IT IS, THEREFORE, ORDERED** that the Plaintiff may respond in accordance with Federal Rule of Civil Procedure 56(e) on or before 15 days from entry of this Order.

Signed: October 15, 2007

Martin Reidinger
United States District Judge